

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF OREGON**

**TRISH M. BROWN**
BANKRUPTCY JUDGE

1001 S.W. FIFTH AVENUE, # 700
PORTLAND, OREGON 97204
(503) 326-1592

NANCY C. ANTAL
LAW CLERK

SUZANNE M. MARX
JUDICIAL ASSISTANT

April 28, 2006

Rodolfo A. Camacho
P.O. Box 13897
Salem, OR 97309

Alan R. Unkeles
1865 NW 169th Place, #121
Beaverton, OR 97006

Michael G. Gunn
Gunn & Cain LLP
P.O. Box 1046
201-B N. Meridian Street
Newberg, OR 97132

Re: Patricia Y. Bogue, Case No. 305-35878-tmb7

Gentlemen:

This matter came before the court on the Chapter 7 trustee's objection to proof of claim number 21 filed by Erna May Stewart Trustee and Ms. Stewart's request for hearing on that objection.

The trustee filed his objection using Local Bankruptcy Form 763. This form contains not only the trustee's objection to a proof of claim, but also the court's order and notice thereon. The order and notice, which is self-executing, provides that the claim shall be disallowed in full unless the creditor files a request for hearing within 32 days of the date the Order and Notice are filed with the court.

The order and notice at issue in this case was filed with the court on December 22, 2005. Thus, the request for hearing was due on January 23, 2006.

Ms. Stewart filed her request for hearing on January 27, 2006, four days after the deadline set forth in the court's order and notice on the trustee's objection. In the interim, based on the terms of the order and notice, the claim was disallowed. Consequently, the court treated Ms. Stewart's request for hearing as a motion to vacate the order disallowing her claim.

Bankruptcy Rule 9024 and Fed. R. Civ. P. 60 allows the court to relieve a party or a party's representation from a judgment, order, or proceeding if it finds that the judgment or order was entered as a result of excusable neglect. In determining whether the failure to act was due to excusable neglect, the court should consider all of the facts and circumstances surrounding that failure, specifically "including (1) the danger of prejudice to the debtor, ( 2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the movant, and (5) whether the movant acted in good faith . . . ." Pioneer Inv. Serv. Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 113 S. Ct., 123 L. Ed. 2d 74 (1993).

Ms. Stewart's attorney presented an affidavit in which he stated that he failed to file a timely request for hearing on the trustee's objection to Ms. Stewart's claim because his paralegal mis-calendared the date on which the request for hearing was due. He concedes that this factor does not weigh in his client's favor with respect to her motion to vacate the order disallowing her claim, but contends that the other Pioneer factors do weigh in his client's favor. Specifically, he argues that allowing the claim would not prejudice any other party, that he and his client acted in good faith, and that the delay would have no impact on these proceedings.

The trustee did not dispute Ms. Stewart's contention that three of the court Pioneer factors weighed in favor of allowing the motion to vacate the order. He contends, however, that an attorney's failure to properly calculate a deadline can never constitute excusable neglect. He is mistaken.

In Pincay v. Andrews, 389 F.3d 853 (9th Cir. 2004) (en banc) the court addressed the issue of whether failure to file a timely notice of appearance due to failure to properly calendar the deadline for doing so constituted excusable neglect. In Pincay, as in the instant case, the failure to properly calendar the deadline for filing the notice of appeal was due to an error committed by a paralegal. The district court found that the mis-calendaring constituted excusable neglect and allowed the late appeal. The opposing party appealed to the 9th Circuit. A majority of the three-judge panel assigned to the case held that reliance on a paralegal was "inexcusable as a matter of law." Thereafter, "[a] majority of the active non-recused judges of the court voted to rehear the case en banc to consider whether the creation of a per se rule against delegation to paralegals, or indeed any per se rule involving missed filing deadlines, [was] consistent with . . . [Pioneer.]" The court noted that there was a split of authority on the issue, but ultimately refused to adopt a per se rule that misreading a clear rule or mis-calendaring a deadline constituted inexcusable neglect. Rather, the court held that the correct approach under Pioneer was to "avoid any per se rule ... attributable to any particular type of negligence" and "leave the weighing of Pioneer's equitable factors to the discretion of the district court."

Under the Pincay holding, the failure of Ms. Stewart's attorney to properly calendar the deadline for filing a request of hearing on the trustee's objection to Ms. Stewart's claim is not per se inexcusable. I must, therefore, weigh all of the Pioneer factors to determine whether Ms. Stewart's failure to file a timely request for hearing on the trustee's objection to her claim constituted excusable neglect.

Rodolfo A. Camacho
Michael G. Gunn
Alan R. Unkeles
April 28, 2006
Page 2

The trustee did not dispute Ms. Stewart's contention that three of the four <u>Pioneer</u> factors weigh in favor of allowing her motion to vacate. Ms. Stewart's attorney contends that the failure to file a timely request for hearing, although within his control, was the result of a mistake. There is no evidence that the excuse was feigned. Additionally, the court notes that while Ms. Stewart's attorney incorrectly calendared the deadline to file a request for hearing on the objection to Ms. Stewart's claim, he did calendar it rather than simply ignoring it. Consequently, I find that Ms. Stewart's failure to timely file a request for hearing on the trustee's objection to her claim is the result of excusable neglect. I will, therefore, enter an order vacating the order disallowing Ms. Stewart's claim and set a hearing on that objection.

Very truly yours,

*Trish M. Brown*

Trish M. Brown
Bankruptcy Judge

TMB/smm